# EXHIBIT A

 CT Corporation

**Service of Process Transmittal**
01/31/2022
CT Log Number 540975040

TO: Jackie Schwartz
Nelnet, Inc.
3015 S PARKER RD STE 400
AURORA, CO 80014-2904

RE: **Process Served in Nebraska**

FOR: Nelnet, Inc.  (Domestic State: NE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Victor Patenaude vs. Nelnet, Inc. |
| **DOCUMENT(S) SERVED:** | -- |
| **COURT/AGENCY:** | None Specified<br>Case # 37202200003447CUBTCTL |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Lincoln, NE |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 01/31/2022 at 13:47 |
| **JURISDICTION SERVED :** | Nebraska |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 01/31/2022, Expected Purge Date: 02/05/2022 |
| | Image SOP |
| | Email Notification,  Jackie Schwartz  jackie.schwartz@nelnet.net |
| | Email Notification,  Mark Pence  mark.pence@nelnet.net |
| | Email Notification,  Nbs Compliance Team  nbscomplianceteam@nelnet.net |
| | Email Notification,  Cyndi Koerperich  cyndi.koerperich@nelnet.net |
| | Email Notification,  Patricia Wheeler  Patricia.Wheeler@nelnet.net |
| | Email Notification,  Seynabou Youm  seynabou.youm@nelnet.net |
| | Email Notification,  MELISSA BALL  melissa.ball@nelnet.net |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>5601 South 59th Street<br>Lincoln, NE 68516<br>866-539-8692<br>CorporationTeam@wolterskluwer.com |

 CT Corporation

**Service of Process Transmittal**
01/31/2022
CT Log Number 540975040

**TO:**     Jackie Schwartz
Nelnet, Inc.
3015 S PARKER RD STE 400
AURORA, CO 80014-2904

**RE:**     **Process Served in Nebraska**

**FOR:**    Nelnet, Inc.  (Domestic State: NE)

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

1 | Wade A. Miller (CBN 208980)
Wade Miller Law
2 | 5072 Mount Casas Drive
San Diego, CA 92117
3 | (619) 481-4959
wmiller@wademillerlaw.com
4
Attorneys for Plaintiff
5 | Victor S. Patenaude

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**01/27/2022** at 09:56:53 AM
Clerk of the Superior Court
By Malka Manneh, Deputy Clerk

6

7

8 | SUPERIOR COURT OF CALIFORNIA

9 | COUNTY OF SAN DIEGO

10

11 | Victor Patenaude,

12 |       Plaintiff,

13 |     v.

14

15 | Nelnet Inc., ECMC, a nonprofit
corporation; and Does 1-10,

16

17 |       Defendants.

18

Case No. 37-2022-00003447-CU-BT-CTL

Complaint for Damages and Injunctive
Relief for Violations of: The California
Rosenthal Act; The Fair Debt
Collection Practices Act; Telephone
Consumer Protection Act of 1991

19

20 |     Plaintiff Victor Patenaude ("Plaintiff") complains of Nelnet Inc., ("Nelnet"),

21 | ECMC, a nonprofit corporation, ("ECMC"); and Does 1-10, collectively referenced

22 | as ("Defendants").

23 |   <u>PARTIES</u>

24 |     1.    Plaintiff is a resident of San Diego, California and a "consumer" as

25 | defined under California Civil Code §1788.2.

26 |     2.    Nelnet is a corporation headquartered in Nebraska that avails itself of

27 | California law and is a "debt collector" as defined under California Civil Code

28

- 1 -
VERIFIED COMPLAINT

1  §1788.2.

2      3.    ECMC is nonprofit corporation based in Minnesota that avails itself of

3  California law and is a "debt collector" as defined under California Civil Code

4  §1788.2.

5      4.    Plaintiff does not know the true names of Doe Defendants. Upon

6  information and belief, Does 1 through 10 are responsible in some capacity for the

7  damages alleged and may be a necessary party for obtaining appropriate relief.

8  Plaintiff will seek leave to amend when the true names, capacities, and

9  responsibilities of the Defendants and Does 1 through 10 are ascertained.

10

11      <u>JURISDICTION AND VENUE</u>

12      5.    The Court has subject matter jurisdiction over this action pursuant to

13  the California Rosenthal Act California Civil Code §1788 et al.

14      6.    Venue in this court is proper founded the act that Plaintiff resides in

15  San Diego County and that Plaintiff's cause of actions arose in this district.

16

17      <u>FACTUAL ALLEGATIONS</u>

18      7.    On March 20, 2020, the office of Federal Student Aid began

19  providing the following temporary relief on ED-owned federal student loans:

20  suspension of loan payments, stopped collections on defaulted loans, and a 0%

21  interest rate.

22      8.    On March 27, 2020, the Coronavirus Aid, Relief, and economic

23  Security Act (CARES Act) became law, providing for the above relief measures on

24  ED-owned federal student loans through Sept. 30, 2020.

25      9.    On April 29, 2020, Plaintiff communicated in writing via email with

26  Defendant to dispute the debt and requested Defendant to cease communications.

27      10.    On August 31, 2020, Nelnet called Plaintiff on his cell phone in an

28  attempt to collect a consumer debt. During this call, Plaintiff again demanded that

1    Nelnet cease and desist calling him.

2        11.    Nelnet began calling Plaintiff on May 5, 2021, using an "automatic

3    telephone dialing system" or as defined under 47 U.S.C. §227, also referred to as

4    an "autodialer."

5        12.    Plaintiff retained Wade Miller Law on June 23, 2021, to stop the

6    harassment. However, despite being notified, in writing, that Plaintiff had retained

7    counsel, Defendants continued to place calls to Plaintiff using an autodialer as well

8    as mailing letters attempting to collect his alleged debt.

9        13.    Defendant called Plaintiff approximately 40 more times on his cell

10   phone, in fact, they called him three times in one single day.

11       14.    Then, ECMC began attempting to collect the alleged debt starting in

12   July 2021, despite being represented by counsel.

13       15.    Defendants actions were done intentionally with the purpose to harass

14   Plaintiff into paying the alleged debt.

15

16                          FIRST CAUSE OF ACTION

17      FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

18                          AGAINST ALL DEFENDANTS

19       16.    Plaintiff reallages and incorporates by reference all preceding

20   paragraphs as though fully set forth herein.

21       17.    15 U.S.C. 1692c provides:

22       (c) Ceasing communication

23       If a consumer notifies a debt collector in writing that the consumer refuses to

24       pay a debt or that the consumer wishes the debt collector to cease further

25       communication with the consumer, the debt collector shall not communicate

26       further with the consumer with respect to such debt, except --

27       (1) to advise the consumer that the debt collector's further efforts are being

28       terminated;

(2) to notify the consumer that the debt collector or creditor may invoke specified remedies which are ordinarily invoked by such debt collector or creditor; or

(3) where applicable, to notify the consumer that the debt collector or creditor intends to invoke a specified remedy.

18.    Additionally, 15 U.S.C. 1692c(a)(2) provides:

If the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer;

19.    Because of Defendants actions, Plaintiff is entitled to an award of actual damages to be determined at trial pursuant to 15 U.S.C. §1692k(a)(1).

20.    Because of Defendants actions, Plaintiff is entitled to statutory damages not to exceed $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A).

21.    Because of Defendants actions, Plaintiff is entitled to reasonable attorneys' fees and costs pursuant to 15 U.S.C. §1692k(a)(3).

## SECOND CAUSE OF ACTION
### AGAINST ALL DEFENDANTS
### FOR VIOLATIONS OF THE CALIFORNIA ROSENTHAL ACT

22.    Plaintiff reallages and incorporates by reference all preceding paragraphs as though fully set forth herein.

23.    Plaintiff is a "debtor" as defined by the California Rosenthal Act.

24.    Defendants are "debtors" as defined by California Civil Code §1788.2(h).

25.    Defendants' violations of the California Rosenthal Act include misrepresenting the character, amount, or legal status of the alleged debt in

1  violation of Cal. Civil Code §1788.13(e) and 1788.17.

2      26.    By contacting Plaintiff despite knowing that he is represented by an

3  attorney, Defendants violated Cal. Civil Code §1788.14(c).

4      27.    Plaintiff is entitled to statutory damages as well as reasonable

5  attorneys' fees and costs because of these violations.

6

7  <center>THIRD CAUSE OF ACTION</center>

8  <center>AGAINST ALL DEFENDANTS FOR VIOLATIONS OF THE</center>

9  <center>THE TELEPHONE CONSUMER PROTECTION ACT OF 1991</center>

10      28.    Plaintiff reallages and incorporates by reference all preceding

11  paragraphs as though fully set forth herein.

12      29.    47 U.S.C. §227(b) provides:

13  RESTRICTIONS ON THE USE OF AUTOMATED TELEPHONE

14  EQUIPMENT.— (1) PROHIBITIONS.—It shall be unlawful for any person

15  within the United States, or any person outside the United States if the recipient is

16  within the United States (A) to make any call (other than a call made for

17  emergency purposes or made with the prior express consent of the called party)

18  using any automatic telephone dialing system or an artificial or prerecorded

19  voice— (i) to any emergency telephone line (including any "911" line and any

20  emergency line of a hospital, medical physician or service office, health care

21  facility, poison control center, or fire protection or law enforcement agency); (ii) to

22  the telephone line of any guest room or patient room of a hospital, health care

23  facility, elderly home, or similar establishment; or (iii) to any telephone number

24  assigned to a paging service, cellular telephone service, specialized mobile radio

25  service, or other radio common carrier service, or any service for which the called

26  party is charged for the call; (B) to initiate any telephone call to any residential

27  telephone line using an artificial or prerecorded voice to deliver a message without

28  the prior express consent of the called party, unless the call is initiated for

<center>– 5 –
VERIFIED COMPLAINT</center>

1    emergency purposes or is exempted by rule or order by the Commission under

2    paragraph (2)(B).

3         30.    Defendants used an "autodialer" to repeatedly call Plaintiff in excess

4    of 40 times from May 3, 2021, through December 10, 2021. Defendants called

5    Plaintiff three times on October 12, 2021, at 11:51 a.m. within the same minute.

6    Defendants also called Plaintiff three times on December 10, 2021, at 10:29 a.m.,

7    all within the same minute.

8         31.    42 U.S.C. §227 provides for statutory damages in the amount of $500

9    for each call. Additionally, if the court finds that the Defendant knowingly or

10   willingly committed such violations, the Court may award up to triple the statutory

11   damage amount, or $1,500.00 per call.

12

13                       RELIEF DEMANDED BY PLAINTIFF

14        Plaintiff prays for:

15        1.    Statutory damages against each Defendant in the amount of not less

16   than $1,000.00 for violations of the California Rosenthal Act and FDCPA.

17        2.    Statutory damages against Defendants in the amount of $60,000.00

18   for violations of the TCPA.

19        3.    Reasonable attorneys' fees and costs against Defendants pursuant to

20   15 U.S.C. §1692 et al., and Cal. Civil Code §1788.17 and Cal. Civil Code

21   §1788.30(c).

22        / / /

23

24

25

26

27

28

1      4.    Injunction relief and other relief as may be just.

2

3  Dated: January 26, 2022              Respectfully,

4                              WADE MILLER LAW

5

6

7                 By:_____

8                    Wade A. Miller, Esq.
                  Attorneys for Plaintiff

9                    Victor Patenaude

1

## VERIFICATION

2

    I am a party to this action, and I have read the foregoing Complaint and I know its
3
contents. The facts stated in the Complaint are true and based on my own knowledge except as to
those matters stated on information and belief, and as to those matters, I believe them to be true.

4

    I declare under penalty of perjury under the laws of the State of California that the
5
foregoing is true and correct.

6

Dated:  January 26, 2022              By: /s/ Victor S. Patenaude           .
7
                            Victor S. Patenaude
                            Plaintiff

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

Wade A. Miller CBN 208980
Wade Miller Law, 5072 Mount Casas Drive, San Diego, CA 92117

TELEPHONE NO.: 619-481-4959     FAX NO. *(Optional):*
E-MAIL ADDRESS: wmiller@wademillerlaw.com
ATTORNEY FOR *(Name):* Plaintiff Victor Patenaude

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
STREET ADDRESS: 330 West Broadway
MAILING ADDRESS: 330 West Broadway
CITY AND ZIP CODE: San Diego 92101
BRANCH NAME: CENTRAL

CASE NAME:
Victor Patenaude v. Nelnet Inc., ECMC, a nonprofit corporation; and Does 1-10

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego
**01/27/2022** at 09:56:53 AM
Clerk of the Superior Court
By Malka Manneh,Deputy Clerk

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | 37-2022-00003447-CU-BT-CTL |

JUDGE: Judge James A Mangione
DEPT.:

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[X] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply):* a. [X] monetary  b. [X] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action *(specify):* THREE
5. This case [ ] is [X] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: 01/26/2022
Wade A. Miller
_____
(TYPE OR PRINT NAME)                                   (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use Judicial Council of California CM-010 [Rev.September 1, 2021] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10 www.courts.ca.gov |

 **SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

**ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION**

CASE NUMBER: 37-2022-00003447-CU-BT-CTL        CASE TITLE: Patenaude vs Nelnet Inc [IMAGED]

<u>**NOTICE**</u>**: All plaintiffs/cross-complainants in a general civil case are required to serve a copy of the following three forms on each defendant/cross-defendant, together with the complaint/cross-complaint:**
> **(1) this Alternative Dispute Resolution (ADR) Information form (SDSC form #CIV-730),**
> **(2) the Stipulation to Use Alternative Dispute Resolution (ADR) form (SDSC form #CIV-359), <u>*and*</u>**
> **(3) the Notice of Case Assignment form (SDSC form #CIV-721).**

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts, community organizations, and private providers offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. The San Diego Superior Court expects that litigants will utilize some form of ADR as a mechanism for case settlement before trial, and it may be beneficial to do this early in the case.

Below is some information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local ADR program or neutral. A form for agreeing to use ADR is attached (SDSC form #CIV-359).

<u>**Potential Advantages and Disadvantages of ADR**</u>
ADR may have a variety of advantages or disadvantages over a trial, depending on the type of ADR process used and the particular case:

| **Potential Advantages** | **Potential Disadvantages** |
|---|---|
| • Saves time | • May take more time and money if ADR does not resolve the dispute |
| • Saves money | |
| • Gives parties more control over the dispute resolution process and outcome | • Procedures to learn about the other side's case (discovery), jury trial, appeal, and other court protections may be limited or unavailable |
| • Preserves or improves relationships | |

<u>**Most Common Types of ADR**</u>
You can read more information about these ADR processes and watch videos that demonstrate them on the court's ADR webpage at http://www.sdcourt.ca.gov/adr.

**Mediation:** A neutral person called a "mediator" helps the parties communicate in an effective and constructive manner so they can try to settle their dispute. The mediator does not decide the outcome, but helps the parties to do so. Mediation is usually confidential, and may be particularly useful when parties want or need to have an ongoing relationship, such as in disputes between family members, neighbors, co-workers, or business partners, or when parties want to discuss non-legal concerns or creative resolutions that could not be ordered at a trial.

**Settlement Conference:** A judge or another neutral person called a "settlement officer" helps the parties to understand the strengths and weaknesses of their case and to discuss settlement. The judge or settlement officer does not make a decision in the case but helps the parties to negotiate a settlement. Settlement conferences may be particularly helpful when the parties have very different ideas about the likely outcome of a trial and would like an experienced neutral to help guide them toward a resolution.

**Arbitration:** A neutral person called an "arbitrator" considers arguments and evidence presented by each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are usually relaxed. If the parties agree to binding arbitration, they waive their right to a trial and agree to accept the arbitrator's decision as final. With nonbinding arbitration, any party may reject the arbitrator's decision and request a trial. Arbitration may be appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time, and expense of a trial.

**Other ADR Processes:** There are several other types of ADR which are not offered through the court but which may be obtained privately, including neutral evaluation, conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR processes. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute.  Be sure to learn about the rules of any ADR program and the qualifications of any neutral you are considering, and about their fees.

<u>Local ADR Programs for Civil Cases</u>

**Mediation:**  The San Diego Superior Court maintains a Civil Mediation Panel of approved mediators who have met certain minimum qualifications and have agreed to charge $150 per hour for each of the first two (2) hours of mediation and their regular hourly rate thereafter in court-referred mediations.

<u>On-line mediator search and selection:</u>  Go to the court's ADR webpage at <u>www.sdcourt.ca.gov/adr</u> and click on the "Mediator Search" to review individual mediator profiles containing detailed information about each mediator including their dispute resolution training, relevant experience, ADR specialty, education and employment history, mediation style, and fees and to submit an on-line Mediator Selection Form (SDSC form #CIV-005).  The Civil Mediation Panel List, the Available Mediator List, individual Mediator Profiles, and Mediator Selection Form (CIV-005) can also be printed from the court's ADR webpage and are available at the Mediation Program Office or Civil Business Office at each court location.

**Settlement Conference:**  The judge may order your case to a mandatory settlement conference, or voluntary settlement conferences may be requested from the court if the parties certify that: (1) settlement negotiations between the parties have been pursued, demands and offers have been tendered in good faith, and resolution has failed; (2) a judicially supervised settlement conference presents a substantial opportunity for settlement; and (3) the case has developed to a point where all parties are legally and factually prepared to present the issues for settlement consideration and further discovery for settlement purposes is not required. Refer to SDSC Local Rule <u>2.2.1</u> for more information. To schedule a settlement conference, contact the department to which your case is assigned.

**Arbitration:**  The San Diego Superior Court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience.  Refer to SDSC Local Rules <u>Division II, Chapter III</u> and Code Civ. Proc. <u>§ 1141.10 et seq</u> or contact the Arbitration Program Office at (619) 450-7300 for more information.

<u>More information about court-connected ADR:</u> Visit the court's ADR webpage at <u>www.sdcourt.ca.gov/adr</u> or contact the court's Mediation/Arbitration Office at (619) 450-7300.

**Dispute Resolution Programs Act (DRPA) funded ADR Programs:**  The following community dispute resolution programs are funded under DRPA (Bus. and Prof. Code §§ 465 et seq.):
- In Central, East, and South San Diego County, contact the National Conflict Resolution Center (NCRC) at <u>www.ncrconline.com</u> or (619) 238-2400.
- In North San Diego County, contact North County Lifeline, Inc. at <u>www.nclifeline.org</u> or (760) 726-4900.

**Private ADR:**  To find a private ADR program or neutral, search the Internet, your local telephone or business directory, or legal newspaper for dispute resolution, mediation, settlement, or arbitration services.

<u>Legal Representation and Advice</u>

To participate effectively in ADR, it is generally important to understand your legal rights and responsibilities and the likely outcomes if you went to trial. ADR neutrals are not allowed to represent or to give legal advice to the participants in the ADR process. If you do not already have an attorney, the California State Bar or your local County Bar Association can assist you in finding an attorney. Information about obtaining free and low cost legal assistance is also available on the California courts website at *www.courtinfo.ca.gov/selfhelp/lowcost*.

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | |
|---|---|
| STREET ADDRESS: | 330 W Broadway |
| MAILING ADDRESS: | 330 W Broadway |
| CITY AND ZIP CODE: | San Diego, CA 92101-3827 |
| DIVISION: | Central |
| TELEPHONE NUMBER: | (619) 450-7075 |

| PLAINTIFF(S) / PETITIONER(S): | VICTOR PATENAUDE |
|---|---|

| DEFENDANT(S) / RESPONDENT(S): | Nelnet Inc et.al. |
|---|---|

PATENAUDE VS NELNET INC [IMAGED]

| NOTICE OF CASE ASSIGNMENT AND CASE MANAGEMENT CONFERENCE (CIVIL) | CASE NUMBER: 37-2022-00003447-CU-BT-CTL |
|---|---|

## CASE ASSIGNED FOR ALL PURPOSES TO:

Judge:  James A Mangione                                  Department: C-75

## COMPLAINT/PETITION FILED: 01/27/2022

| TYPE OF HEARING SCHEDULED | DATE | TIME | DEPT | JUDGE |
|---|---|---|---|---|
| Civil Case Management Conference | 08/19/2022 | 10:15 am | C-75 | James A Mangione |

**Due to the COVID-19 pandemic, all Case Management Conferences (CMCs) are being conducted virtually unless there is a court order stating otherwise.** Prior to the hearing date, visit the "virtual hearings" page for the most current instructions on how to appear for the applicable case-type/department on the court's website at www.sdcourt.ca.gov.

A Case Management Statement (JC Form #CM-110) must be completed by counsel for all parties and by all self-represented litigants and timely filed with the court at least 15 days prior to the initial CMC. (San Diego Superior Court (SDSC) Local Rules, rule 2.1.9; Cal. Rules of Court, rule 3.725).

All counsel of record and self-represented litigants must appear at the CMC, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of Alternative Dispute Resolution (ADR) options.

It is the duty of each plaintiff (and cross-complainant) to serve a copy of this Notice of Case Assignment and Case Management Conference (SDSC Form #CIV-721) with the complaint (and cross-complaint), the Alternative Dispute Resolution (ADR) Information Form (SDSC Form # CIV-730), a Stipulation to Use Alternative Dispute Resolution (ADR) (SDSC Form # CIV-359), and other documents on all parties to the action as set out in SDSC Local Rules, rule 2.1.5.

**TIME FOR SERVICE AND RESPONSE:** The following rules apply to civil cases except for collections cases under California Rules of Court, rule 3.740(a), unlawful detainer actions, proceedings under the Family Code, and other proceedings for which different service requirements are prescribed by law (Cal. Rules of Court, rule 3.110; SDSC Local Rules, rule 2.1.5):
- **Service:** The complaint must be served on all named defendants, and proof of service filed with the court within 60 days after filing the complaint. An amended complaint adding a defendant must be served on the added defendant and proof of service filed within 30 days after filing of the amended complaint. A cross-complaint against a party who has appeared in the action must be accompanied by proof of service on that party at the time it is filed. If it adds a new party, the cross-complaint must be served on all parties and proof of service on the new party must be filed within 30 days of the filing of the cross-complaint.
- **Defendant's appearance:** Unless a special appearance is made, each defendant served must generally appear (as defined in Code of Civ. Proc. § 1014) within 30 days of service of the complaint/cross-complaint.
- **Extensions:** The parties may stipulate without leave of court to one 15-day extension beyond the 30-day time period prescribed for the response after service of the initial complaint (SDSC Local Rules, rule 2.1.6). If a party fails to serve and file pleadings as required under this rule, and has not obtained an order extending time to serve its pleadings, the court may issue an order to show cause why sanctions shall not be imposed.

**JURY FEES:** In order to preserve the right to a jury trial, one party for each side demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) on or before the date scheduled for the initial case management conference in the action.

**COURT REPORTERS:** Official Court Reporters are not normally available in civil matters, but may be requested in certain situations no later than 10 days before the hearing date. See SDSC Local Rules, rule 1.2.3 and Policy Regarding Normal Availability and Unavailability of Official Court Reporters (SDSC Form #ADM-317) for further information.

**ALTERNATIVE DISPUTE RESOLUTION (ADR):** The court discourages any unnecessary delay in civil actions; therefore, continuances are discouraged and timely resolution of all actions, including submitting to any form of ADR is encouraged. The court encourages and expects the parties to consider using ADR options prior to the CMC. The use of ADR will be discussed at the CMC. Prior to the CMC, parties stipulating to the ADR process may file the Stipulation to Use Alternative Dispute Resolution (SDSC Form #CIV-359).

## NOTICE OF E-FILING REQUIREMENTS
## AND IMAGED DOCUMENTS

Effective April 15, 2021, e-filing is required for attorneys in represented cases in all limited and unlimited civil cases, pursuant to the San Diego Superior Court General Order: In Re Procedures Regarding Electronically Imaged Court Records, Electronic Filing and Access to Electronic Court Records in Civil and Probate Cases.  Additionally, you are encouraged to review CIV-409 for a listing of documents that are not eligible for e-filing.  E-filing is also encouraged, but not mandated, for self-represented litigants, unless otherwise ordered by the court.  All e-filers are required to comply with the e-filing requirements set forth in Electronic Filing Requirements (Civil) (SDSC Form #CIV-409) and Cal. Rules of Court, rules 2.250-2.261.

All Civil cases are assigned to departments that are part of the court's "Imaging Program."  This means that original documents filed with the court will be imaged, held for 30 days, and then destroyed, with the exception of those original documents the court is statutorily required to maintain.  The electronic copy of the filed document(s) will be the official court record, pursuant to Government Code § 68150.  Thus, original documents should not be attached to pleadings filed with the San Diego Superior Court, unless it is a document for which the law requires an original be filed.  Any original documents necessary for a motion hearing or trial shall be lodged in advance of the hearing pursuant to California Rules of Court, rule 3.1302(b).

It is the duty of each plaintiff, cross-complainant, or petitioner to serve a copy of this Notice of Case Assignment and Case Management Conference (Civil) (SDSC Form #CIV-721) with the complaint, cross-complaint, or petition on all parties to the action.

On all pleadings filed after the initial case originating filing, all parties must, to the extent it is feasible to do so, place the words "IMAGED FILE" in all caps immediately under the title of the pleading on all subsequent pleadings filed in the action.

The official court file will be electronic and accessible at one of the kiosks located in the Civil Business Office and may be found on the court's website at www.sdcourt.ca.gov.

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | | *FOR COURT USE ONLY* |
|---|---|---|
| STREET ADDRESS: 330 West Broadway | | |
| MAILING ADDRESS: 330 West Broadway | | |
| CITY, STATE, & ZIP CODE: San Diego, CA 92101-3827 | | |
| BRANCH NAME: Central | | |
| PLAINTIFF(S): VICTOR PATENAUDE | | |
| DEFENDANT(S): Nelnet Inc et.al. | | |
| SHORT TITLE: PATENAUDE VS NELNET INC [IMAGED] | | |

| **STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR)** | CASE NUMBER: 37-2022-00003447-CU-BT-CTL |
|---|---|

Judge: James A Mangione                                         Department: C-75

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution (ADR) process. Selection of any of these options will not delay any case management timelines.

☐ Mediation (court-connected)                ☐ Non-binding private arbitration

☐ Mediation (private)                         ☐ Binding private arbitration

☐ Voluntary settlement conference (private)   ☐ Non-binding judicial arbitration (discovery until 15 days before trial)

☐ Neutral evaluation (private)                ☐ Non-binding judicial arbitration (discovery until 30 days before trial)

☐ Other (specify e.g., private mini-trial, private judge, etc.): _____

_____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: *(Name)* _____

_____

_____

Alternate neutral (for court Civil Mediation Program and arbitration only): _____

Date: _____          Date: _____

_____          _____
Name of Plaintiff                                Name of Defendant

_____          _____
Signature                                        Signature

_____          _____
Name of Plaintiff's Attorney                     Name of Defendant's Attorney

_____          _____
Signature                                        Signature

If there are more parties and/or attorneys, please attach additional completed and fully executed sheets.

It is the duty of the parties to notify the court of any settlement pursuant to Cal. Rules of Court, rule 3.1385. Upon notification of the settlement, the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court.

**IT IS SO ORDERED.**

Dated: 01/28/2022                                    _____
                                                     JUDGE OF THE SUPERIOR COURT

SDSC CIV-359 (Rev 12-10)      **STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION**      Page: 1

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
Nelnet Inc., ECMC, a nonprofit corporation; and Does 1-10

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Victor Patenaude

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego
**01/27/2022 at 08:58:53 AM**
Clerk of the Superior Court
By Maika Manneh, Deputy Clerk

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

   You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

   There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

   *¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

   *Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

   *Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: <br> *(El nombre y dirección de la corte es):* Superior Court of California <br> County of San Diego, Central Division <br> 330 West Broadway, San Diego, CA 92101 | CASE NUMBER: *(Número del Caso):* <br> 37-2022-00003447-CU-BT-CTL |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Wade A. Miller, 5072 Mount Casas Drive, San Diego, CA 92117 Tel: 619-481-4959

| DATE: <br> *(Fecha)* 01/28/2022 | Clerk, by <br> *(Secretario)* M. Manneh | , Deputy <br> *(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**(SEAL)**

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Nelnet Inc.
   under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courts.ca.gov