UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR PATENAUDE,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>ECMC, a nonprofit corporation and Does 1-10,<br><br>　　　　　　　Defendants. | Case No. 3:22-CV-00279-DMS-AGS<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR SUMMARY JUDGMENT, AND GRANTING LEAVE TO FILE SECOND AMENDED COMPLAINT** |

This case is before the Court on Defendant Educational Credit Management Corporation ("ECMC")'s motion to dismiss. The matter is fully briefed and the Court heard oral argument on the motion; the matter is ripe for adjudication. For the following reasons, the Court grants the motion to dismiss in part and denies in part, and grants Plaintiff leave to file a second amended complaint.

I.

BACKGROUND

Plaintiff is an attorney with law school debt who alleges violations of the (1) Fair Debt Collection Practices Act ("FDCPA"), (2) Rosenthal Act, (3) Telephone Consumer Protection Act ("TCPA"), and (4) Fair Credit Reporting Act ("FCRA")

1

against ECMC in relation to the handling of his federal student loan. (ECF No. 9.) Plaintiff filed his complaint in state court and former Defendant Nelnet Servicing LLC ("Nelnet"), removed it to the district court. (ECF No. 1.) The Court held an informal telephonic 12(b)(6) conference with the parties on April 7, 2022. Both Defendants raised numerous issues with the complaint, including that they were not debt collectors as defined by the FDCPA.

The parties agreed, and the Court ordered, that Plaintiff would file a first amended complaint ("FAC") within three weeks to address deficiencies in his initial pleading. (ECF No. 5.) Plaintiff failed to do so, filing only after the Court issued an order to show cause ("OSC"). (*See* ECF Nos. 8–10.) The FAC was filed on May 18, 2022; the Court accepted the filing and discharged the OSC. (ECF No. 12.) Shortly after, Nelnet was voluntarily dismissed after reaching a settlement with Plaintiff. (*See* ECF Nos. 14, 16, 18.)

Defendant ECMC filed the instant motion to dismiss on June 16, 2022. (ECF No. 15.) Plaintiff filed a response in opposition (ECF No. 17) and Defendant filed a reply. (ECF No. 20.) The Court heard oral argument on the motion on July 29, 2022. (ECF No. 23.)

II.

DISCUSSION

Defendant ECMC moves to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. (ECF No. 15.) Plaintiff agrees in his opposition to dismiss his claims under the Rosenthal Act, TCPA, and FCRA. (ECF No. 17.) Accordingly, these claims are dismissed with prejudice.

Plaintiff opposes dismissal of the FDCPA claim and in his opposition seeks leave to file a second amended complaint ("SAC") alleging additional facts on this cause of action. (ECF No. 17 at 2–3.) He also seeks to add a new claim, for invasion

2

of privacy. (*Id.*)  During oral argument, Defense counsel agreed that a separate noticed motion on the leave to amend is unnecessary, as Defendant adequately addressed this request in its reply.

### A. FDCPA Claim

Plaintiff alleges ECMC is a debt collector, as it regularly attempts to collect student loans, and attempted to collect on Plaintiff's defaulted student loan. (*Id.* at 1).  ECMC argues that it does not qualify as a debt collector, as Plaintiff's debt was not in default when it was *acquired by* ECMC, as required by the FDCPA. *See* 15 U.S.C. 1692a(6)(F)(iii) (excluding from the definition of debt collector one collecting on a debt "which was not in default at the time it was obtained").  During oral argument, Defense counsel stated he was confident that Plaintiff's debt was not in default when acquired by ECMC.  Plaintiff's counsel responded that he believed he could allege in good faith that ECMC met the definition of a debt collector as concerns Mr. Patenaude.  Given the liberal standard for granting amendments and the lack of undue prejudice to Defendant—the most important factor when assessing requests to amend—Plaintiff's request for leave to file a SAC alleging these facts is granted.  *See Foman v. Davis*, 371 U.S. 1778, 182 (1962); *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (affirming that "prejudice to the opposing party [] carries the greatest weight" when determining whether leave to amend should be granted).

The SAC must squarely address whether Plaintiff's debt was in default when it was acquired by ECMC.  Plaintiff's counsel here is reminded of his obligations under Federal Rule of Civil Procedure 11, that is, that he must ensure a reasonable inquiry has been made to gather information and that all "factual contentions have evidentiary support." Fed. R. Civ. P. 11.  Gathering this information may include conferring with defense counsel, as discussed during the hearing.  Should Plaintiff's counsel fail to comply with Rule 11, Defendant may choose to move for sanctions

under Rule 11(c). Plaintiff can move to voluntarily dismiss the FDCPA claim should he discover he cannot credibly allege that ECMC acquired the debt when it was already in default.

**B. Privacy Claim**

Plaintiff also seeks to add a state law claim for violation of the right to privacy to the SAC. (ECF No. 17 at 2.) Defendant represents that such a claim was discussed during the informal 12(b) conference, and thus contemplated by Plaintiff prior to the filing of the FAC. By failing to include this complaint in the FAC, Defendant argues, Plaintiff was not diligent and thus should not be granted leave to include this claim in the SAC. (ECF No. 20 at 3). During oral argument, Plaintiff's counsel represented that this claim against ECMC was only discovered—through informal discovery with Nelnet—after the 12(b) conference and the filing of the FAC. Based on these representations, the Court grants Plaintiff leave to include the privacy claim in the SAC. Again, in filing the SAC, Plaintiff is reminded of his Rule 11 obligations. Should the FDCPA claim be dismissed, this Court will be deprived of jurisdiction, in which case Plaintiff may elect to refile the right of privacy claim in state court.

III.

CONCLUSION AND ORDER

Plaintiff's claims against Defendant ECMC under the Rosenthal Act, TCPA, and FCRA are dismissed with prejudice. Plaintiff's motion for leave to file a second amended complaint is granted. Plaintiff shall file the SAC by **August 15, 2022**.

/ / /

/ / /

/ / /

/ / /

/ / /

4

     Before filing, the Court invites the parties to meet and confer regarding whether ECMC meets the definition of a debt collector, specifically whether Plaintiff's debt was in default when acquired by ECMC. Following the filing of the SAC, Defendant may file a 12(b) or other appropriate motion, including a Rule 11 filing if believed to be warranted.

**IT IS SO ORDERED.**

Dated: August 1, 2022

_____
Hon. Dana M. Sabraw, Chief Judge
United States District Court